UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **DENNIS BUCKELEW,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action Number |
| **NANCY A. BERRYHILL, Acting** | ) | **4:16-cv-1721-AKK** |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

Dennis Buckelew brings this action pursuant to Section 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). The court finds that the Administrative Law Judge's ("ALJ") and the Appeals Council's decisions—which have become the decision of the Commissioner—are supported by substantial evidence. Therefore, the court denies the motion to remand, doc. 12, and affirms the decision denying benefits.[1]

**I. PROCEDURAL HISTORY**

Buckelew filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income. R. 95, 258-68. After the SSA denied

---

[1] Also before the court is the Commissioner's Unopposed Motion to Enlarge Time to File a Memorandum in Support of the Commissioner's Decision, doc. 17. The motion is **DENIED** as moot.

1

his application, Buckelew requested a hearing before an ALJ, who subsequently denied Buckelew's claim. R. 92-107. This became the final decision of the Commissioner when the Appeals Council refused to grant review. R. 73-76. Buckelew then filed this action pursuant to § 405(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

**II. STANDARD OF REVIEW**

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person

would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

> (2) whether the claimant has a severe impairment;
>
> (3) whether the impairment meets or equals one listed by the Secretary;
>
> (4) whether the claimant is unable to perform his or her past work; and
>
> (5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. THE COMMISSIONER'S DECISION

In performing the five step analysis, the ALJ found that Buckelew had not engaged in substantial gainful activity since October 17, 2014, and therefore met Step One. R. 97. Next, the ALJ found that Buckelew satisfied Step Two because he suffered from the severe impairments of "degenerative disk disease of the lumbar spine, and is status post fusion from L4-S1 in 2004; a seizure disorder; hypertension; gastroesophageal reflux disease; anxiety; depression; and opioid abuse and dependency." *Id.* The ALJ then proceeded to the next step and found that Buckelew did not satisfy Step Three because he "does not have an impairment

or combination of impairments that meets or equals the severity of one of the listed impairments." *Id.* at 97-98. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, she proceeded to Step Four, where she determined that Buckelew has the residual functional capacity ("RFC") to "perform light work . . . except [he] can lift and carry 20 pounds occasionally." R. 101. In light of Buckelew's RFC, the ALJ determined that Buckelew "is unable to perform any past relevant work, with the possible exception of his job as an auctioneer," but that this work "was not substantial gainful activity and is not considered past relevant work." *Id.* at 105. Lastly, in Step 5, the ALJ considered Buckelew's age, education, work experience, and RFC, and determined that "there are jobs that exist in significant numbers in the national economy that [Buckelew] can perform." *Id.* at 106. Therefore, the ALJ found that Buckelew "has not been under a disability, as defined in the Social Security Act, from October 17, 2014 through the date of this decision." *Id.* at 107.

### V. ANALYSIS

Buckelew raises multiple grounds of error. First, he contends that the ALJ failed to develop the record by obtaining relevant medical records. Doc. 13 at 2. Second, Buckelew contends the ALJ failed to apply Social Security Ruling 16-3p in evaluating his statements on the intensity, persistence, and limiting effects of his symptoms. *Id.* Finally, Buckelew contends that remand is warranted under

sentence four of § 405(g) because of the Appeals Council's decision not to reopen the case to consider purportedly relevant evidence. *Id.* at 2. The court addresses each argument in turn.

### A. Failure to Develop the Record

Buckelew contends that the ALJ failed to develop a full and fair record by failing to obtain "most of the records from Hartselle Urgent Care & Family Medicine dated 3/4/11-6/4/16." Doc. 13 at 19. The claimant bears the burden of proving that he is disabled, and, thus, is responsible for producing evidence to support his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). However, "[b]ecause a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). The ALJ must develop the medical history for the twelve months prior to the date the application for disability benefits is filed but is not bound to develop the record after that date. *Ellison*, 355 F.3d at 1276; 20 C.F.R. § 416.912(d). In determining whether the ALJ has failed to develop the record fully, the court is guided by whether the record reveals evidentiary gaps that result in unfairness or clear prejudice. *See Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (holding that there must be a showing of prejudice before the court will find a claimant's rights under due process have been violated by a failure to develop the record).

Here, no reason existed for the ALJ to obtain any additional records based on the information the claimant provided to the ALJ at the hearing. Specifically, when the ALJ asked Buckelew's non-attorney representative if Buckelew had any additional documents to submit, the representative answered no. *See* R. 145. Buckelew does not dispute or even address this fact. *See generally* docs. 13, 20. Thus, "any alleged error the ALJ may have made in not obtaining more recent medical records was invited," and is therefore not subject to challenge on review before this court. *Larry v. Comm'r of Soc. Sec.*, 506 F. App'x 967, 969 (11th Cir. 2013) (citing *Ford ex. rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1293-1294 (11th Cir. 2002)). Moreover, having reviewed the records from the twelve months prior to the date Buckelew filed the application (i.e. from October 21, 2013 to October 21, 2014, *see* R. 95), the court does not find any evidentiary gaps in the record that result in unfairness or clear prejudice to Buckelew, as the findings in those records are largely duplicative of the records that the ALJ reviewed at the hearing. Accordingly, the court finds that the ALJ sufficiently developed a fair and full record.

**B. Social Security Ruling 16-3p**

Buckelew next contends that the court should remand his claim so that the ALJ may reconsider Buckelew's statements concerning the intensity, persistence, and limiting effects of his symptoms pursuant to Social Security Ruling 16-3p,

which he alleges applies retroactively. Doc. 13 at 19-28. Social Security Ruling 16-3p became effective before the ALJ rendered her decision. R. 95; Social Security Ruling 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 15,776-01 (March 24, 2016), 2016 WL 1131509. Accordingly, the court need not determine whether it applies retroactively, but only whether the ALJ made an error of law in its application.

"Social Security Ruling 16-3p was intended to supersede former Ruling 96-7p, and was enacted for the purpose of providing 'guidance about how we evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under Titles II and XVI of the Social Security Act.'" *Hargress v. Berryhill*, No. 4:16-CV-1079-CLS, 2017 WL 588608, at *1 (N.D. Ala. Feb. 14, 2017) (citing Soc. Sec. Ruling 16-3p; Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Mar. 16, 2016), 2016 WL 1119029, at *1). Specifically, the Ruling

> eliminat[ed] the use of the term "credibility" from [the Social Security Administration's] sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation.
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms. We evaluate the intensity and persistence of an

8

individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

. . .

In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities or, for a child with a title XVI disability claim, limit the child's ability to function independently, appropriately, and effectively in an age-appropriate manner.

SSR 16-3P at *1-2, 10 (alterations in original). Buckelew contends that the ALJ erred in applying the Ruling in deciding that

> After careful consideration of the evidence, I find the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent for the reasons explained in this decision.
>
> . . .
>
> After consideration of the above, the undersigned finds the claimant's testimony is inconsistent with the objective medical evidence of record. As noted above, the claimant was receiving multiple prescriptions of Ultram and Tramadol from multiple medical providers over a sustained period of time. He was misleading and untruthful with his physicians concerning this and was filling those prescriptions at several pharmacies. He has alleged severe back and leg pain and a very restricted ability to stand, walk, lift and sit. However . . . examinations have consistently shown a normal gait, normal motor strength, normal sensation, and normal reflexes. The MRI scan showed only some disc bulging at L4-5 with no evidence of any nerve

> root or spinal cord compression. The claimant alleged at the hearing that he can lift and carry about 10 pounds; however, he stated to Dr. Jennings that he has no difficulty with lifting and he is able to climb stairs without difficulty.

R. 102, 105. This finding of inconsistency does not violate Social Security Ruling 16-3p. "The change in wording [from SSR 96-7p to SSR 16-3p] is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character; obviously, administrative judges will continue to assess the credibility of pain *assertions* by applicants . . . ." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). In noting that Buckelew was untruthful with his physicians in disclosing his use of pain medication and inconsistent in his testimony as to his symptoms, the ALJ did not assess Buckelew's general or overall character or truthfulness, but rather, made a specific determination of the credibility of Buckelew's assertions of pain.

Moreover, the ALJ's consideration of Buckelew's subjective symptoms was consistent with applicable law. To demonstrate that pain or another subjective symptom renders him disabled, Buckelew must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an

10

ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986)); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).

The ALJ properly applied these legal principles. She found that Buckelew's medically determinable impairments could reasonably have been expected to produce the symptoms alleged, but that Buckelew's statements concerning the intensity, persistence, and limiting effects of his symptoms were not consistent with the medical record. R. 102. That conclusion was in accordance with applicable law. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis added).

The ALJ also adequately articulated reasons to support her findings. She noted that Buckelew's allegations of the intensity and limiting effects of his pain were contradicted by multiple medical examinations. R. 105. She found that Buckelew's seizures were well controlled, based on his reports to his doctor that he had been seizure free for two years. *Id.* at 104. She noted that, while Buckelew had a history of hypertension, the record showed no severe or persistent blood pressure elevation with medication, and no evidence of "end organ damage" resulting from

it. *Id.* She found no evidence in the record that Buckelew's gastroesophageal reflux disease was unresponsive to medicine or resulted in any limitations. *Id.* at 104-05. She noted that, despite Buckelew's allegations of shortness of breath and chest pain at the hearing, he did not see a cardiologist or submit relevant records following the hearing, and his treatment records "show essentially no treatment for any cardiac complaints." *Id.* at 105. Finally, she noted that, following an episode of superficial phlebitis in the legs, the record showed no further complaints relating to it. *Id.* All of these conclusions are supported by substantial evidence, and they are sufficient to support the ALJ's consistency finding. Accordingly, the court finds that the ALJ did not err in applying Ruling 16-3p.

### C. Remand

Finally, Buckelew moves to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g). Docs. 12 at 1; 13 at 28-38. Buckelew contends that remand is warranted because his current counsel, who he hired after the ALJ's initial decision, only received Electronic Records Express ("ERE") access after the Appeals Council had denied review, and, as a result, his counsel was unable to submit certain medical records prior to the Appeals Council's decision. Doc. 12 at 1-2. Relevant here, on June 22, 2016, Buckelew's current counsel filed a request for review of the ALJ's decision with the Appeals Council and requested both ERE access and sixty days to submit new evidence. *Id.*

at 1. A month later, the Appeals Council granted Buckelew twenty-five days to submit more information, and stated that it would only grant more time "for very good reasons." R. 79. However, despite the extension, Buckelew's counsel apparently only provided the records at issue six day after the Appeals Council denied review. Doc. 12 at 2.

The Eleventh Circuit has held that when a claimant does not properly submit evidence to the Appeals Council, as is the case here, his motion to remand for consideration of that evidence should be filed pursuant to sentence six of 42 U.S.C. § 405(g), not sentence four.[2] *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267-68 (11th Cir. 2007) (discussing *Milano v. Bowen*, 809 F.2d 763, 766-67 (11th Cir. 1987)). Sentence six provides the "sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in district court." *Ingram*, 496 F.3d at 1267. To trigger relief, a plaintiff must demonstrate that the evidence (1) is new and noncumulative, (2) is material such that there is a reasonable probability that it would change the administrative result, and (3) was not submitted at the administrative level for good cause. *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *see also Cherry v. Heckler*, 760 F.2d 1186 (11th Cir. 1985).

---

[2] Sentence six states that the district court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Buckelew does not contend that the medical records at issue are new or material. *See generally* docs. 12, 13, 20, 21. While his complaint makes the conclusory assertion that "[n]ew and material evidence was submitted," doc. 1-1, he does not provide any elaboration on this claim, either in his complaint or briefs. Accordingly, Buckelew has waived these issues. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived"). For this reason alone, his motion is due to be denied.

Alternatively, the motion fails also because it is unclear whether Buckelew could establish the new or material standards. The Commissioner contends that the medical records Buckelew submitted are not new because they were in existence and available to Buckelew at the time of the administrative hearing. Doc. 19 at 4-5 (citing *Jones v. Comm'r of Soc. Sec. Admin.*, 497 F. App'x 888, 892-93 (11th Cir. 2012)); *Ingram*, 496 F.3d at 1267). Buckelew has not refuted this contention or shown that the records would have been unavailable to him for use at the ALJ hearing if he had requested them for that proceeding. Likewise, the Commissioner contends, without any challenge by Buckelew, that the medical records were not material because: (1) some of the records pre-existed Buckelew's alleged onset date and are duplicative of numerous medical records already in the record, and (2)

some of the records are from after the ALJ's decision and thus unable to provide insight into Buckelew's condition during the relevant period. Doc. 19 at 5-7; *see generally* docs. 20, 21. Where, as here, Buckelew has failed to establish that the records are new or material, no basis exists to remand under sentence six.

Finally, the court turns to Buckelew's contention that he had good cause for his failure to submit the new evidence at the administrative level—i.e. his new counsel's lack of ERE access. Doc. 12 at 1-2. Obtaining new counsel, taken alone, does not constitute good cause. *Geyen v. Sec'y of Health & Human Servs.*, 850 F.2d 263, 264 (5th Cir. 1988) (per curiam).[3] Moreover, Buckelew's reliance on *Cordy v. Commissioner of Social Security*, 4:16-CV-01376-JHE, for the proposition that the case "was remanded because the Appeals Council failed to provide ERE access" misses the mark. *See* Doc. 21 at 1. A review of *Cordy* shows that the court remanded to the Appeals Council based on the unopposed motion of the Commissioner. Doc. 31 in 4:16-CV-01376-JHE. Both the Commissioner's motion and the decision granting remand were silent as to whether counsel's lack of ERE access was good cause for the *Cordy* plaintiff's failure to submit the new evidence. *See generally* Docs. 30-1; 31 in 4:16-CV-01376-JHE. Accordingly, the grant of the motion to remand in *Cordy* does not support Buckelew's contention

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions from the former Fifth Circuit decided on or before September 30, 1981.

here. *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1244 (11th Cir. 2017) ("The holding of a case comprises both the result of the case and those portions of the opinion necessary to that result. But the holding of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision") (internal citations and quotation marks omitted). Finally, the court's independent research has not uncovered any case in which a court held that a new attorney's lack of ERE access constituted good cause for a failure to submit evidence. Therefore, the motion to remand is due to be denied.

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's and Appeals Council's determination that Buckelew is not disabled is supported by substantial evidence, and that the ALJ and Appeals Council applied proper legal standings in reaching their determinations. The Commissioner's final decision is **AFFIRMED** and the motion to remand, doc. 12, is **DENIED**. A separate order in accordance with this memorandum of decision will be entered.

**DONE** the 30th day of October, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE